[No. B138302. Second Dist., Div. Six. Feb. 28, 2001.]

BUENA VISTA MINES, INC., et al., Plaintiffs and Appellants, v. INDUSTRIAL INDEMNITY COMPANY et al., Defendants and Respondents.

484

**COUNSEL**

Sullivan & Associates, Shaunna Sullivan and Claire M. Corcoran for Plaintiffs and Appellants.

Caron, Constants & Wilson and Melinda W. Ebelhar for Defendant and Respondent Fireman's Fund Insurance Company.

Musick, Peeler & Garrett, Susan J. Field and Christine A. Hull for Defendants and Respondents U.S. Fire Insurance Company and Industrial Indemnity Company.

**OPINION**

**COFFEE, J.**—Appellants Buena Vista Mines, Inc. (BVMI) and Harold J. Biaggini (its sole shareholder) sued several insurance carriers, claiming they

breached insurance contracts and violated the implied covenant of good faith and fair dealing by refusing to defend BVMI in a lawsuit previously brought against it in federal court. The trial court sustained demurrers filed by three of those carriers (respondents herein) without leave to amend and dismissed the action against them. The court ruled that the claims alleged against BVMI in the prior action were outside the period of coverage under the policies at issue, there was no potential for coverage, and respondents, therefore, owed no duty to defend BVMI. Appellants contend the court erred in concluding that the claims alleged in the prior action did not trigger a potential for coverage or impose a duty to defend. We affirm.

### Factual and Procedural Background

In 1997, BVMI was named as a defendant in a lawsuit brought in federal court entitled *United Anglers v. Buena Vista Mines, Inc.* (C.D.Cal. Aug. 14, 1997, No. 97-CV-6094) (hereafter the *United Anglers* action). In that action, plaintiff alleged that BVMI had violated the Clean Water Act by improperly discharging pollutants from its mine into Santa Rosa Creek. Specifically, the complaint alleged: "9. [BVMI] is adding mercury, copper, iron, lead, nickel, chromium, and water with a low pH into Santa Rosa Creek. [¶] 10. *For the period June 11, 1992 to date*, [BVMI] has a long history of discharging pollutants from point source adits without an NPDES [National Pollutant Discharge Elimination System] permit. [¶] 11. *For the period June 11, 1992 to date*, at Oceanic Mine [BVMI] has failed to obtain an NPDES permit allowing it to discharge pollutants from the waste rock pile . . . . [¶] 12. *For the period June 11, 1992 to date*, [BVMI] has failed to monitor the toxicity of the pollutants it is discharging into Santa Rosa Creek. [¶] 13. *For the period June 11, 1992 to date*, [BVMI] has failed to report to the Regional Board the toxicity of the pollutants it is discharging into Santa Rosa Creek. [¶] 14. [BVMI] has discharged and continues to discharge pollutants from its mine into Santa Rosa Creek without obtaining an NPDES permit. [¶] 15. Each of the Clean Water Act violations described herein is ongoing." (Italics added.) In 1998, the federal court granted BVMI's motion to dismiss the action and judgment was entered in favor of BVMI.

Thereafter, appellants BVMI and Biaggini initiated the present action, seeking damages for breach of contract and breach of the implied covenant of good faith and fair dealing against several of their insurance carriers, including respondents U.S. Fire Insurance Company, Industrial Indemnity Company, and Fireman's Fund Insurance Company, which had issued comprehensive general liability policies to BVMI prior to 1992 and refused to defend BVMI in the *United Anglers* action. According to appellants'

amended complaint, the insurance policies issued by respondents were in effect in the 1960's, 1970's, and 1980's, and expired at the latest in 1983.[1]

Respondents demurred to both causes of action in appellants' amended complaint on the ground that they did not owe BVMI a duty to defend the *United Anglers* action because the claims alleged against BVMI were outside the periods of coverage under the insurance policies. Respondents pointed out that the complaint in the *United Anglers* action alleged violations of the Clean Water Act beginning on June 11, 1992, the policies they had issued expired long before that date, and that, therefore, the policies could not provide coverage for the alleged violations.

Appellants opposed the demurrer, primarily arguing that the allegations of the complaint in the *United Anglers* action in paragraph 14 were not limited to any time period and alleging that BVMI "has discharged and continues to discharge pollutants from its mine." Appellants argued that this general allegation was broad enough to potentially include acts occurring prior to June 11, 1992, and gave rise to a duty on respondents' part to defend that action.

The trial court sustained the demurrer without leave to amend, concluding that the complaint in the *United Anglers* action had failed to set forth any facts giving rise to any potential for coverage under the insurance policies issued by respondents, and that, therefore, none of the respondents owed any duty to defend or indemnify BVMI in that action. The court reasoned that although paragraph 14 of the complaint failed to identify a specific date, the allegations of the complaint must be construed as a whole and "[t]he specific violations of the Clean Water Act alleged in paragraphs 10 through 13 of the complaint are stated to have occurred '[f]or the period June 11, 1992, to date.' Thus, the complaint can only be reasonably construed to allege violations of the Clean Water Act arising on June 11, 1992, to the date of the complaint." The court also noted that United Anglers' assertion of claims arising after June 11, 1992, appeared consistent with the five-year statute of limitations governing claims under the Clean Water Act. (See 28 U.S.C. § 2462; *Sierra Club v. Chevron U.S.A., Inc.* (9th Cir. 1987) 834 F.2d 1517, 1521.) The court stated: "In *Sierra Club*, the Ninth Circuit held that the five-year limitations period was tolled for sixty days prior to the filing of the complaint, to accommodate the requirement that the plaintiffs issue a pre-lawsuit notice before filing an action. . . . Since the United Anglers lawsuit

---

[1]The exhibits to the amended complaint showed that the last policies issued by U.S. Fire Insurance, Industrial Indemnity, and Fireman's Fund expired in 1967, 1982, and 1983, respectively. The complaint in the *United Anglers* action and the federal court's order dismissing the action were also attached as exhibits.

alleged that the pre-lawsuit notice was issued on June 11, 1997, the statute of limitations bars United Anglers from seeking relief for any alleged violations of the Clean Water Act occurring before June 11, 1992."

*Discussion*

■ Appellants contend the trial court erred in concluding that the claims alleged in the *United Anglers* action did not trigger a potential for coverage and impose a duty to defend. They argue the court's interpretation of paragraph 14 of the complaint in the *United Anglers* action was far too narrow for purposes of determining whether respondents owed a duty to defend. We disagree.

■ On appeal from a demurrer sustained without leave to amend, we determine whether the complaint states a cause of action and whether the pleading can be cured by amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) We must affirm the judgment if it is correct on any theory, unless failure to grant leave to amend was an abuse of discretion. (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742 [1 Cal.Rptr.2d 543, 819 P.2d 1].) A trial court abuses its discretion if there is a reasonable possibility that the defect in a complaint can be cured by amendment. (*Ibid.*) The burden is on the plaintiff, however, to demonstrate the manner in which the complaint might be amended. (*Ibid.*) If there is no liability as a matter of law, leave to amend should not be granted. (*Ramirez v. USAA Casualty Ins. Co.* (1991) 234 Cal.App.3d 391, 397 [285 Cal.Rptr. 757].)

■ Interpretation of insurance policies presents a question of law for this court to decide. (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 18 [44 Cal.Rptr.2d 370, 900 P.2d 619].) ■ An insurer must defend its insured against a third party suit when the complaint contains allegations, or the insurer becomes aware of facts, giving rise to potential coverage under the policy at issue. (*Id.* at p. 19.) A duty to defend arises if at least one claim in a complaint is potentially covered under the terms of the policy. (*Aerojet-General Corp. v. Transport Indemnity Co.* (1997) 17 Cal.4th 38, 59 [70 Cal.Rptr.2d 118, 948 P.2d 909].) A claim is potentially covered only if the alleged harm occurred within the policy period. (*Ibid.*; see also *FMC Corp. v. Plaisted & Companies* (1998) 61 Cal.App.4th 1132, 1152, 1154-1155 [72 Cal.Rptr.2d 467] [complete factual predicate must exist during the policy period; it is neither reasonable nor consonant with the terms of general liability policies to require insurers to cover liabilities based upon facts that did not occur until after the policy period].)

Here, appellants' amended complaint shows on its face that the damages sought in the *United Anglers* action were based on multiple violations of the Clean Water Act beginning on June 11, 1992, long after the insurance policies issued by respondents had expired. The complaint in the *United Anglers* action, in paragraphs 10 through 13, expressly identifies the dates of the alleged violations as occurring on or after June 11, 1992. Although paragraph 14 does not reiterate the date of June 11, 1992, it is evident from a reading of the entire pleading that paragraph 14 includes the substantive allegations set forth in the preceding paragraphs in a summary fashion. We agree with the trial court that the allegations of the complaint must be read as a whole. Contrary to appellants' contention, nothing in the prayer for relief indicates that BVMI was sued for violations of the Clean Water Act occurring prior to June 11, 1992. In the prayer for relief, United Anglers simply requests that BVMI be ordered to make payments to an "environmental remediation fund." Because appellants' amended complaint alleges that respondents issued insurance policies in the 1960's, 1970's, and 1980's, and the policies attached to the pleading show expiration dates at the latest in 1983, we conclude the allegations of the complaint in the *United Anglers* action did not create any potential for coverage or impose a duty to defend upon respondents. (See *Aerojet-General Corp. v. Transport Indemnity Co.*, *supra*, 17 Cal.4th at p. 59.) The trial court, therefore, properly sustained the demurrer to the first cause of action for breach of contract.

Further, in *Waller v. Truck Ins. Exchange*, *supra*, 11 Cal.4th at page 36, the Supreme Court reiterated the basic rule that where there is "no potential for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." (Italics omitted.) The trial court, thus, properly sustained the demurrer to the second cause of action as well.

Appellants contend that the trial court erred in relying upon the statute of limitations in determining whether they had stated a cause of action for breach of contract, i.e., breach of the duty to defend. (See, e.g., *County of San Bernardino v. Pacific Indemnity Co.* (1997) 56 Cal.App.4th 666 [65 Cal.Rptr.2d 657] [insurer is not entitled to deny coverage on the basis that the third party complaint is barred by the statute of limitations; rather, insurer must assert appropriate defenses on behalf of insured in the underlying action].) In light of our conclusion above that the *United Anglers* action did not allege violations of the Clean Water Act occurring prior to 1992, we need not reach this contention. We observe, however, that to the extent the trial court considered the statute of limitations in concluding that respondents owed no duty to defend, the court was merely suggesting that it made

no sense to read paragraph 14 of the complaint in the *United Anglers* action out of context and as an attempt to state claims obviously barred by the statute of limitations.

We reject appellants' contention that the complaint in the *United Anglers* action imposed a duty to defend based on the "continuous injury trigger" theory enunciated in *Montrose Chemical Corp. v. Admiral Ins. Co.* (1995) 10 Cal.4th 645 [42 Cal.Rptr.2d 324, 913 P.2d 878]. In *Montrose*, the plaintiffs sought damages for toxic waste contamination released by the defendant. The lawsuit alleged that bodily injury and property damage "occurred on a continuous basis, commencing in 1956 and extending to the present." (*Id.* at p. 657.) The California Supreme Court examined insurance coverage under comprehensive general liability policies "triggered" by damage or injury occurring during the policy periods. The court held that "property damage that is continuous or progressively deteriorating throughout successive [comprehensive general liability] policy periods[] is potentially covered by all policies in effect during those periods." (*Id.* at p. 673; see also *id.* at p. 689.) Appellants claim that the *United Anglers* action was really based upon alleged discharges of pollutants from prior mining activity that could have occurred during respondents' policy periods. However, unlike the pleadings in *Montrose*, the complaint in the *United Anglers* action did not allege violations of the Clean Water Act occurring from continuous discharges of pollutants in the 1960's, 1970's, and 1980's. Rather, the complaint expressly sought remedies for violations occurring "[f]or the period June 11, 1992, to date." Nothing in the complaint in the *United Anglers* action or appellants' amended complaint shows that appellants were sued for discharges occurring during respondents' policy periods, thereby giving rise to a duty to defend on the part of respondents. Appellants' contention is without merit.

The only issue remaining is whether the trial court abused its discretion in denying leave to amend the complaint. Appellants contend they could have amended their complaint to allege that "the discharges were continuous through the Respondents' policy periods." However, it is the allegations of the complaint in the *United Anglers* action that determine whether respondents had a duty to defend BVMI. That complaint cannot be reasonably read to allege violations of the Clean Water Act occurring during the effective periods of coverage provided by the insurance policies issued by respondents. Rather, the complaint specifically alleged violations occurring on or after June 11, 1992, well after the insurance policies issued by respondents had expired. There was no abuse of discretion in refusing leave to amend.

The judgment is affirmed. Costs are awarded to respondents.

Gilbert, P. J., and Perren, J., concurred.